GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
KRAVITZ SCHNITZER
JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:   (702) 362-6666
Facsimile:    (702) 362-2203
Attorneys for Defendants
HANKINS PLASTIC SURGERY
ASSOCIATES, P.C. dba HANKINS
& SOHN PLASTIC SURGERY
ASSOCIATES, SAMUEL M. SOHN,
and WARREN TRACY HANKINS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALYSIA WRENN, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOICATES, SAMUEL M. SOHN, WARREN TRACY HANKINS, ROE DATA SECURITY COMPANY, ROE NETWORK SECURITY COMPANY, DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**(Clark County District Court, Case No. A-23-868427-C)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, THE PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, Defendants, HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES (wrongly identified as Hankins and Sohn Plastic Surgery Assoicates (sic)), SAMUEL M. SOHN, and WARREN TRACY HANKINS (collectively "Defendants"), hereby remove the state court action described below from the Eighth Judicial

1

District Court, Clark County, Nevada, filed by ALYSIA WRENN ("Plaintiff"), Case No. A-23-686427-C, Dept. 8 (hereinafter the "State Court Action") to the United States District Court for the District of Nevada, and submit the following statement of facts, which entitles this matter to removal:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act of 2005, which is codified in part as 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place the State Court Action was brought and was pending. Thus, this Court is the proper District Court to which this Court should be removed. 28 U.S.C. §§ 1441(a) and 1446(a). Moreover, this venue is proper as a substantial part of the alleged events or omissions giving rise to this lawsuit occurred in the District of Nevada.

## THE ACTION AND TIMELINESS OF REMOVAL

3. On April 5, 2023, Plaintiff, purportedly on behalf of herself and others similarly situated, filed a Class Action Complaint (the "Complaint") against Defendants in the State Court Action. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

4. On April 6, 2023, Plaintiff served Dr. Hankins with a copy of the Summons and Complaint by substituted service by serving his wife. On April 6, 2023, Plaintiff served Hankins Plastic Surgery Associates, P.C. with a copy of the Summons and Complaint by personal delivery upon its resident agent. On April 14, 2023, Plaintiff served Dr. Sohn with a copy of the Summons and Complaint by personal delivery.

5. The removal is timely under 28 U.S.C. § 1446(b) because Defendants filed this removal within thirty (30) days of being served within the Complaint. *See Murphy Bros. v. Michetti Pipe Stinging, Inc.,* 526 U.S. 344, 348 (1999)(time period for removal begins when the defendant is served).

/ / /

/ / /

# CAFA JURISDICTION

6. <u>Basis of original jurisdiction:</u>   This Court has original jurisdiction over this action and under the Class Action Fairness Act of 2005 ("CAFA")(codified in pertinent part at 28 U.S.C. § 1332(d)).  Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members from which the matter in controversy aggregately exceeds the sum or value of $5 million.  Section 1332(d) further provides that, for CAFA to apply, a putative class member must be a citizen of a state different from any defendant.

7. As set forth below, pursuant to 28 U.S.C. § 1441(a), defendants may remove the State Court Act to federal court under the Class Action Fairness Act of 2005 because:  (1) this action is pled as a class action; (2) the putative class include more than one hundred (100) members; (3) some members of the putative class are citizens of the state different than that of defendants; and (4) the matter in controversy, in the aggregate, exceeds the sum or value of $5 million, exclusive of interest and costs.

## THE ACTION IS PLED AS A CLASS ACTION

8. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more of representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. Plaintiff seeks class certification under Rule 23 of the Nevada Rules of Civil Procedure.  Complaint at ¶¶ 24-25.  The Supreme Court of Nevada has held that Rule 23 of the Nevada Rule of Civil Procedure is "identical to its federal counterpart." *Meyer v. Eighth Judicial Dist. Court,* 885 P.2d 622, 626 (Nev. 1994).  Thus, the first CAFA requirement is satisfied.

/ / /

/ / /

/ / /

/ / /

/ / /

## THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS

10. Plaintiff alleges that "Plaintiff's and Class Members' PII[1] and PHI[2] ha[ve] been accessed by criminal elements[.]" Complaint at ¶ 25. As a result of this unauthorized access, Plaintiff further alleges that her information was "compromised in the data breach which occurred in or before March 2023, [and from] which includes unauthorized access to personally identifiable information and personal health information of patients and customers of HANKINS PLASCTIC SURGERY ASSOCIATES, P.C., SAMUEL M. SOHN, and/or WARREN TRACY HANKINS (the "Data Breach")." *Id.* at ¶ 25.

11. Plaintiff reports to bring this action on behalf of a nationwide class (the "Class"). Plaintiff defines this Class as "all individuals in the **United States** whose PII and/or PHI was compromised in the data breach which occurred in or before March 2023, which includes unauthorized access to the personally identifiable information and personal health information of the patients and customers of HANKINS PLASTIC SURGERY ASSOCIATES, P.C., SAMUEL M. SOHN, and/or WARREN TRACY HANKINS (the "Data Breach")." (emphasis added) *Id*. Plaintiff excluded "Defendants, its subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, a legal representative, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families fromt he Class." *Id.* at ¶ 26.

12. Plaintiff alleges that "there are at minimum, hundreds of members of the Class described above." *Id.* at ¶ 28. Moreover, Declarant also attested that there are more than thousands of potential members of the putative Class. Therefore, based on Plaintiff's own allegations, the number of putative Class members exceeds the statutorily required minimum of 100.

///

///

---

[1] Plaintiff defines PII as "personally identifiable information." *See* Complaint at ¶ 11.

[2] Plaintiff defines PHI as "personal health information in order to provide treatment, including, but not limited to, her name, address, birth date, social security number, medical history, and credit card number." *Id.*

4

**MINIMAL DIVERSITY OF CITIZENSHIP EXISTS**

13. Pursuant to 28 U.S.C. § 1332(d)(2)(A), "the district court shall have original jurisdiction" over a "class which. . .<u>any member of the class of plaintiff is a citizen of the state different from any defendant</u>." (emphasis added). *See also Abreggo Abreggo v. The Dow Chemical Co.,* 443 F.3d 676, 680, n. 5 (9th Cir. 2006)("one way to satisfy minimal diversity to by demonstrating that any member of a class of plaintiff is . . . a citizen or subject of a foreign state and any defendant is a citizen of a state").

14. Dr. Hankins and Dr. Sohn are Nevada residents. Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates is a professional corporation organized and existing under the laws of the State of Nevada.

15. Although Plaintiff alleges that she was and continues to be a Nevada resident, the Class from which Plaintiff seeks to assert a Class Action Status are "individuals in the United States whose PII and/or PHI was comprised in the Data Breach which occurred in or before March 2023." Complaint at ¶ 25. As some of the purported class members are not Nevada residents, diversity of citizenship is met. In sum, the diversity of citizenship in this matter exists due to the Plaintiff's desire to represent all individuals in the United States who were affected by the Data Breach.

16. As established in ¶¶ 13-14, minimal diversity of citizenship is established pursuant to CAFA, because not all of the purported Class members are Nevada residents. In fact, many of the purported Class members are Arizona and California residents.

**THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[3]**

17. Where a complaint has not specified the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must provide by the preponderance of evidence that the jurisdictional amount in controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B). The United

---

[3] The amount in controversy set forth in this Notice of Removal is solely for the purpose of establishing that the amount in controversy exceeds the $5 million threshold. This section is not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendants deny liability, deny Plaintiff is entitled to recoup from Defendants any amount, and deny that the Class can be properly certified in this matter.

States Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the standard. *Dart Cherokee Basin Oper. Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

18. Plaintiff requests the following relief, which aggregated across the putative Class of thousands of individual places more than $5 million in controversy, exclusive of interest and costs.

19. <u>Damages</u>. Plaintiff claims that she and the Class have suffered damages, including: (1) physical, emotional, and financial harm due to the disclosure of the PII and PHI; (2) an increase in the unknowable risk of fraud, identity theft, and similar criminal activities; (3) injury to their "health, strength, and activity, sustaining shock and injury to their bodies and persons"; and (4) "expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity." Complaint at ¶ 20-21, 48-49, 54.

20. Plaintiff does not allege the amount in compensatory damages that she and the Class allegedly sustained. *See* Complaint at ¶ 99. However, one potential estimate of the valuation is the attempt to mitigate the effects of the Data Breach due to Plaintiff's contention of "a significantly increased and unknowably broad risk of fraud, identity theft, and similar criminal activity." *Id.* ¶ 21. Although Plaintiff does not explicitly estimate the effects to mitigate the effects of the breach, Plaintiff has requested "a mandatory injunction directing Defendants to hereinafter adequately safeguard PII and/or PHI of the Class by implementing improved security procedures or measures." *Id.* at Plaintiff's Prayer for Relief, ¶ 4. This injunction and recovery sought more than likely includes the cost of credit monitoring services.

21. Three identity protection agencies, Equifax, Lifelock, and Experian, advertise monthly rates for credit monitoring services for all three credit bureaus and with identity theft insurance ranging from $11.99[4] to $24.99 per month. Similarly, Experian offers credit, social security, and bank/credit account monitoring services with identity theft protection for $24.99 per

---

[4] *See* https://www.equifax.com/personal/products/identity-theft-protection/ (last visited May 1, 2023); LifeLock Official Site | Identity Theft Protection (norton.com) (last visited May 1, 2023); https://www.experian.com/consumer-products/compare-credit-report-and-score-products.html#comparison-table (last visited May 2, 2023).

6

month for an individual and $34.99 per month per family. Multiplying the cost of providing two years of credit monitoring services at $24.99 by 10,000,[5] which is the purported minimum amount of people whom Plaintiff designates as the Class, the amount in controversy for credit monitoring alone for one year is approximately $5,997,600.00.

22. Further, Plaintiff alleges that she and her Class experienced "expenses for medical care and treatment, expenses and incidental thereto, lost wages and loss of earning capacity." Complaint at ¶ 49. Plaintiff and the putative Class Members allege that "such expenses and losses will continue in the future, all to Plaintiff's and the Class Members' damage in a presently unascertainable amount." *Id.* at ¶ 49. These nebulous concepts are unquantified in the Complaint, but would further add to the damages in excess of CAFA jurisdictional thresholds.

23. Plaintiff also alleges that she and the putative Class experienced injury to their "health, strength, and activity[.]" *Id.* at ¶ 48. These nebulous concepts are unquantified in the Complaint, but will further increase the damages in excess of CAFA jurisdictional threshold.

24. <u>Restitution</u>. Plaintiff's Complaint purportedly seeks restitution. Complaint at ¶ 29(k). However, the Complaint contains no allegations that would support, or even suggest, the amount in restitution to which she or any of the putative Class Members are entitled. *Id*. Hence, Defendants do not entirely include restitution in their calculation of the total amount in controversy. Nevertheless, the amount in controversy further exceeds CAFA's $5 million threshold when these alleged damages are combined with the Class and Plaintiff's compensatory damages.

25. <u>Attorneys' Fees</u>. Plaintiff also seeks to recover her attorney's fees. *Id.* at ¶¶ 50, 55, 63, 75, 85, 100, 116, and 126. "[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount of controversy." *Lauder Milk v. U.S. Bank Nat'l Assoc*., 479 F.3d 994, 1004 (9th Cir. 2007)(internal citations omitted). The Court may consider reasonable estimates of attorney's fees in analyzing disputes over the amount in controversy. *See Brady v. Mercedes Benz, USA, Inc.,* 243 F. Supp. 2d

---

[5] Defendants use this figure conservatively, as Defendants' Declaration estimates the number of clients that might have been impacted by the Data Breach was 20,000.

7

1004, 1010-1011 (N.D. Cal. 2002). Here, statutory attorney's fees are available under NRS 41.600. Hence, attorneys' fees should be included in analyzing the amount in controversy.

26. In the Ninth Circuit, twenty-five percent (25%) of the award has been used as a "benchmark" for attorney's fees. *Handlin v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998). Using this benchmark, attorney's fees further increase the amount in controversy for alleged liability exposure above the jurisdictional minimum for removal.

27. Accordingly, Defendants sufficiently removed the State Court Action to this Court as (1) the State Court Action is pled as a Class Action and (2) the class size, (3) diversity, and (4) amount in controversy requirements of CAFA are satisfied.

28. This Notice is submitted without a waiver of any procedural or substantive defense.

29. No substantive proceedings have been held in the State Court in this matter. Copies of all filed documents in the State Court Action are attached as follows:

| EXHIBIT NO. | DOCUMENT NAME |
| --- | --- |
| Exhibit A | Complaint |
| Exhibit B | Demand for Jury Trial |
| Exhibit C | Initial Appearance Fee Disclosure |
| Exhibit D | Proof of Service – Warren Tracy Hankins |
| Exhibit E | Proof of Service – Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates |
| Exhibit F | Proof of Service – Samuel M. Sohn |

30. The State Court Action was filed on April 5, 2023, thus one year has not elapsed from the date the action in State Court has commenced.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**NOTICE OF INTERESTED PARTIES**

Pursuant to FRCP 7.1, a Certificate of Interested Parties is being filed concurrently with this Notice of Removal.

As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of its Removal to Plaintiff and are filing copies of this Notice of Removal to the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

DATED this 5th day of May, 2023.

        KRAVITZ SCHNITZER JOHNSON
        & WATSON, CHTD.

        */s/ L. Renee Green*
        GARY E. SCHNITZER, ESQ.
        Nevada Bar No. 395
        L. RENEE GREEN, ESQ.
        Nevada Bar No. 12755
        8985 So. Eastern Avenue, Suite 200
        Las Vegas, Nevada 89123
        Attorneys for Defendants

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of May, 2023, I served a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** was served via the United States District Court CM/ECF system to all parties or persons requiring notice:

Ramzy Paul Ladah, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　*/s/ Cynthia Lowe*
　　　　　　　　　　　　　　　　　　An Employee of KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.