# Exhibit 1

# COMPLAINT

# Exhibit 1

Electronically Filed
4/5/2023 11:07 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

CASE NO: A-23-868427-C
Department 8

## DISTRICT COURT

## CLARK COUNTY, NEVADA

ALYSIA WRENN , an individual,

Plaintiff,

vs.

HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOICATES, SAMUEL M. SOHN, WARREN TRACY HANKINS, ROE DATA SECURITY COMPANY, ROE NETWORK SECURITY COMPANY, DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,

Defendants.

CASE NO.:
DEPT. NO.:

**CLASS ACTION COMPLAINT**

    **COMES NOW** Plaintiff, ALYSIA WRENN , by and through her counsel of record, RAMZY PAUL LADAH, ESQ., with the LADAH LAW FIRM, and for her claims of relief against the Defendants, and each of them, she alleges, amends and complains as follows:

### JURISDICTION

    1.    At all times relevant hereto, Plaintiff ALYSIA WRENN  was and still is a resident of State of Nevada.

2.     Upon information and belief, Defendant HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES was and still is a Nevada company licensed to do business in the State of Nevada.

3.     Upon information and belief, Defendant WARREN TRACY HANKINS was and still is a resident of State of Nevada.

4.     Upon information and belief, Defendant SAMUEL M. SOHN was and still is a resident of State of Nevada.

5.     At all times relevant hereto, Defendant ROE DATA SECURITY COMPANY was licensed and doing business in the County of Clark, State of Nevada.

6.     At all times relevant hereto, Defendant ROE NETWORK SECURITY COMPANY was licensed and doing business in the County of Clark, State of Nevada.

7.     That at all times relevant herein, Defendants designated as DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names; Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOES I through XXX and ROE BUSINESS ENTITIES I through XXX are responsible in some manner for the events and happenings referred to herein, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, when the same have been ascertained and to join such Defendants in this action.

**GENERAL ALLEGATIONS**

8.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

9.     At all times relevant hereto, Defendants HANKINS PLASTIC SURGERY ASSOCIATES, P.C., WARREN TRACY HANKINS, and SAMUEL M. SOHN operated two plastic surgery centers in Las Vegas, Nevada.

10.    At all times relevant hereto, Plaintiff was a patient of Defendants.

11.     During the course of Plaintiff's treatment with Defendants, Defendants required Plaintiff to provide personally identifiable information ("PII") and personal health information ("PHI") in order to provide treatment, including but not limited to her name, address, birthdate, social security number, medical history, and credit card number.

12.     Defendants also required that they capture photographs of Plaintiff's body during her medical treatment, specifically of her private parts, and as a result of Defendants' negligence those photographs were disseminated to a large number of Plaintiff's co-workers.

13.     Defendants collected and stored such PII, PHI, photographs, and medical information electronically.

14.     On or about March 24, 2023, photographs and information possessed and stored by Defendants, including images of her medical treatment and of her medical charts, were made public via e-mails sent to Plaintiff's employer and others.

15.     Plaintiff learned that Defendants' electronic files were accessed by unknown third parties, and the aforementioned images and information were disseminated to the public.

16.     Upon information and belief, other Class Members' PII and PHI were accessed and disseminated from Defendants' possession and control;

17.     Such access to Plaintiff's and Class Members' PII, PHI, photographs, and medical information was a direct result of Defendants' failure to provide reasonable network, data, and electronic security to protect patient and customer PII and PHI.

18.     Plaintiff was not informed or provided notice by Defendants that the images and information were accessed and disseminated.

19.     Defendants disregarded the rights of Plaintiff and other Class Members by intentionally, willfully, recklessly, and negligently failing to:

    a.  Take adequate and reasonable measures to ensure its data and network systems were protected against unauthorized intrusions;

    b.  Disclose that it did not have adequately secure computer systems, security practices and cyber security protections in place, to protect customer PII and PHI;

c.   Take standard and reasonably available steps to prevent access to patient and customer PII and PHI;

d.   Monitor and timely detect unauthorized access to its network, electronic system, and patient PII and PHI; and

e.   Provide Plaintiff and Class Members prompt and accurate notice of the breach.

20.   As a result of Defendants' failure to implement reasonable security procedures, through either in house protection or through the retention of sufficient third-party cyber security companies and cloud database protection companies, Plaintiff and the Class Members suffered and continue to suffer physical, emotional, and financial harm due to disclosure of such PII and PHI which they had every expectation would remain privileged and confidential under Defendants' care.

21.   As a result of Defendants' failure to implement reasonable security procedures, Plaintiff's and Class Members' PII and PHI has been accessed by criminal elements and disseminated to the public due to Defendants' negligence, leaving Plaintiff and the Class Members at a significantly increased and unknowably broad risk of fraud, identity theft, and similar criminal activity.

22.   Such harm, injuries, and damages are a direct and proximate result of Defendants' actions and/or inactions and negligence.

23.   At all times relevant hereto, Defendants were the agents, servants, and employees of each and every other Defendant and were acting within the course and scope of said employment and agency.

## CLASS ALLEGATIONS

24.   Plaintiff brings this class action on behalf of herself and all other individuals who are similarly situated pursuant to Rule 23 of the Nevada Rules of Civil Procedure.

25.   Plaintiff seeks to represent a class of persons to be defined as follows: All individuals in the United States whose PII and/or PHI was compromised in the data breach which occurred in or before March 2023, which includes unauthorized access to the personally identifiable information and personal health information of patients and customers of HANKINS

PLASTIC SURGERY ASSOCIATES, P.C., SAMUEL M. SOHN, and/or WARREN TRACY HANKINS (the "Data Breach").

26.     Excluded from the Class are Defendants, its subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, the legal representative, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

27.     This proposed class definition is based on the information available to Plaintiff at this time, and it may be necessary for Plaintiff to modify the class definition in an amended pleading or upon moving for class certification, based on new information or changed facts.

28.     **Numerosity**: Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class described above. The exact size of the Class and the identities of the individual members are identifiable through Defendants' records, including but not limited to the files implicated in the Data Breach.

29.     **Commonality**: This action involves questions of law and fact common to the Class. Such common questions include but are not limited to:

      a.   Whether Defendants had a duty to secure and safeguard Plaintiff's and Class Members' PII/PHI;

      b.   Whether Defendants were negligent in collecting, possessing, and/or storing Plaintiff's and Class Members' PII/PHI, thereby breaching their duties;

      c.   Whether Defendants breached their contracts or agreements – implied or in fact – with Plaintiff and the Class Members in failing to reasonably secure Plaintiff's and the Class Members' PII/PHI;

      d.   Whether Defendants breached the implied covenant of good faith and fair dealing owed to Plaintiff and the Class Members in failing to reasonably secure Plaintiff's and the Class Members' PII/PHI;

      e.   Whether Defendants were unjustly enriched by Plaintiff's and Class Members' payments for the security and confidentiality of their PII/PHI;

f.  Whether Defendants' actions or inactions resulted in a breach of Plaintiff's and Class Members' rights to privacy, seclusion, and confidentiality;

g.  Whether Defendants violated Nevada statutes protecting against deceptive trade practices, including NRS 598, et seq., and mandating protection of customer/patient PII/PHI, including NRS 603A, et seq., in failing to reasonably secure Plaintiff's and the Class Members' PII/PHI;

h.  Whether Defendants breached their fiduciary duties to Plaintiff and Class Members;

i.  Whether Defendants breached the duties owed per their confidential relationship with Plaintiff and Class Members;

j.  Whether Plaintiff and Class Members are entitled to damages as a result of Defendants' wrongful conduct; and

k.  Whether Plaintiff and Class Members are entitled to restitution as a result of Defendants' wrongful conduct.

30.  **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of Plaintiff and Class Members are based on the same legal theories and arise from the same unlawful and willful conduct. Plaintiff and Class Members are all either patients of Defendants, each having their PII and/or PHI exposed and/or accessed by an unauthorized third party, or consumers whose personal information was stored on the database or network which was the subject of the unauthorized intrusion.

31.  **Adequacy of Representation**: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. In addition, Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation. The claims of Plaintiff and the Class Members are substantially identical as explained above.

32.  **Superiority**: This class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this

6

controversy and joinder of all members of the Class is impracticable. This proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense, and promote uniform decision-making.

33.     **Predominance**: Common questions of law and fact predominate over any questions affecting only individual Class Members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. For example, Defendants' liability and the fact of damages is common to Plaintiff and each Class Member. If Defendants breached their duty to Plaintiff and Class Members, then Plaintiff and each Class Member suffered damages by that conduct.

34.     **Injunctive Relief**: Defendants have acted and/or refused to act on grounds that apply generally to the Class, making injunctive and/or declaratory relief appropriate with respect to the Class under NRCP 23(c)(2).

35.     **Ascertainability**: Members of the Class are ascertainable. Class membership is defined using objective criteria and Class Members may be readily identified through Defendants' books and records.

### FIRST CAUSE OF ACTION
**(Negligence / Negligence Per Se)**

36.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

37.     At all times relevant hereto, Defendants, and each of them, and/or their agents, employees and servants required Plaintiff and Class Members to provide PII, PHI, medical information, images, photographs of their persons, and information regarding their medical treatment, including during their courses of treatment as Defendants' patients, and committed to maintain, protect, secure, possess, and control such PII and PHI.

38.     Plaintiff and the Class Members have a reasonable privacy interest in their PII and PHI, medical information, images, photographs, and information regarding their medical treatment.

39.     Defendants, and each of them, and/or their agents, employees and servants had a duty to use reasonable care to maintain the privacy, confidentiality, and privilege of such images and information, including a duty to safeguard such PII and PHI from dissemination and disclosure.

40.     Defendants, and each of them, and/or their agents, employees and servants breached their duties to Plaintiff and the Class Members by failing to take reasonable precautions and negligently and recklessly possessing, maintaining, and safeguarding Plaintiff's and Class Members' private information and allowing the same to be disclosed and disseminated to the public.

41.     Defendants, and each of them, and/or their agents, employees and servants foresaw or should have foreseen that their conduct would cause harm to Plaintiff and the Class Members.

42.     Defendants' actions which resulted in access to and public dissemination of Plaintiff's and Class Members' PII and PHI were offensive and objectionable to a reasonable person with ordinary sensibilities.

43.     At all times relevant hereto, Nevada Revised Statutes § 603A, et seq., were designed and enacted to protect a class of persons to which Plaintiff and the Class Members belonged, and Plaintiff's and the Class Members' damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

44.     At all times relevant hereto, Nevada Revised Statutes § 598, et seq., were designed and enacted to protect a class of persons to which Plaintiff and the Class Members belonged, and Plaintiff's and the Class Members' damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

45.     At all times relevant hereto, 42 U.S.C. § 1302d, et seq., were designed and enacted to protect a class of persons to which Plaintiff and the Class Members belonged, and Plaintiff's and the Class Members' damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

46.   At all times relevant hereto, 15 U.S.C. § 45 was designed and enacted to protect a class of persons to which Plaintiff and the Class Members belonged, and Plaintiff's and the Class Members' damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

47.   As a result of Defendants' aforesaid negligent actions and/or failures to act, Defendants violated the aforementioned statutes, rules, and codes and are, therefore, negligent *per se*.

48.   As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and Class Members were injured in their health, strength, and activity, sustaining shock and injury to their bodies and persons, all of which have caused and will continue to cause Plaintiff and Class Members physical, mental, and nervous pain and suffering.

49.   As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and the Class Members have incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and a loss of earning capacity, all to Plaintiff's and the Class Members' damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and the Class Members' damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

50.   As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and the Class Members are entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision, Retention and Policies/Procedures)

51.   Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

52.   Defendants, and each of them, acted negligently, among other reasons in failing to do the following:

i.     Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

ii.    Establish and implement property policies and procedures for proper possession, maintenance, safety, and security of consumer and/or patient information;

iii.   Properly, responsibly and prudently hire employees;

iv.    Properly, responsibly and prudently investigate employees before hiring them;

v.     Properly, responsibly and prudently supervise and/or manage employees once they were hired;

vi.    Properly, responsibly and prudently train employees or instruct them as to their duties;

vii.   Properly, responsibly and prudently monitor and regulate the conduct of employees;

viii.  Properly, responsibly and prudently delegate data and network security responsibilities to employees, agents, DOE Defendants or ROE Business Entities;

ix.    Properly, responsibly, and prudently set up mechanisms to ensure that patient and consumer information is kept private and confidential.

53.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and Class Members were injured in their health, strength, and activity, sustaining shock and injury to their bodies and persons, all of which have caused, and will continue to cause, Plaintiff and Class Members physical, mental, and nervous pain and suffering.

54.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and Class Members have incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and a loss of earning capacity, all to Plaintiff's and Class Members' damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and Class Members' damage in a presently unascertainable amount.  In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

55.    As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and Class Members are entitled to recover reasonable attorneys' fees and costs.

///

### THIRD CAUSE OF ACTION
### (Breach of Contract, Express or Implied)

56.    Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

57.    Plaintiff and the Class Members made agreements and/or contracts for services with Defendants and paid money to Defendants in exchange for such services.

58.    Pursuant to such agreements and/or contracts, Plaintiff and the Class Members were required to provide their PII and/or PHI, including their names, addresses, dates of birth, telephone numbers, email addresses, photographs and images, and various forms other of identification and medical information to Defendants as a condition of their use of Defendants' services.

59.    As part of the parties' agreements and/or contracts and as part of Defendants' requirement that Plaintiff and the Class Members provide their PII and PHI, Defendants undertook a responsibility to secure and keep confidential Plaintiff's and Class Members' PII and/or PHI and prevent unauthorized access and/or dissemination.

60.    Plaintiff and Class Members relied upon Defendants' agreement that they would secure Plaintiff's and Class Members' PII and PHI, which induced Plaintiff and Class Members to enter into an agreement and/or contract with Defendants.

61.    As a result of Defendants' aforesaid breach of their agreements and/or contracts, both express and implied, Plaintiff and Class Members suffered injuries and damages, including amounts paid for unfulfilled services with Defendants and expenses incurred in attempting to remedy the unauthorized disclosure of their PII and PHI, all of which has caused, and will continue to cause, Plaintiff and Class Members continuing injury and damages of an amount which is

unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and Class Members' damage in a presently unascertainable amount.

62.     In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

63.     As a result of Defendants' aforesaid breach of their agreements and/or contracts, both express and implied, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and Class Members are entitled to recover reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**

64.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

65.     Plaintiff and Class Members conferred a monetary benefit on Defendants in that they paid for services.

66.     In paying for and agreeing to Defendants' services, Plaintiff and Class Members provided their PII and PHI, expecting to receive services including Defendants' safe and secure possession, maintenance, control, and security regarding such PII and PHI.

67.     Defendants accepted the benefits and profits of Plaintiff's and Class Members' payment which was used, in part, to cover the costs of Defendants' electronic record storage, their network, their network and computer security, and other administrative costs of data management and security, without which Plaintiff and the Class Members would not have conferred payment or their PII and PHI.

68.     Under the principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and Class Members because Defendants failed to implement appropriate data management and network security measures mandated by industry standards.

69.    Defendants failed to secure Plaintiff's and Class Members' PII and PHI as agreed and, as such, did not provide full compensation or services for the benefit conferred by Plaintiff and the Class Members.

70.    Defendants acquired the PII and/or PHI through inequitable means in that it failed to disclose the inadequate security practices previously alleged.

71.    Plaintiff and the Class Members have no adequate remedy at law.

72.    Defendants should be compelled to refund the amounts that Plaintiff and Class Members overpaid for Defendants' services or to pay the proceeds that they unjustly received from Plaintiff and the Class Members into a common fund or constructive trust, for the benefit of Plaintiff and Class Members.

73.    As a result of Defendants' aforesaid breach of their duties, Plaintiff and Class Members suffered injuries and damages, including amounts paid for unfulfilled services with Defendants and expenses incurred in attempting to remedy the unauthorized disclosure of their PII and PHI, all of which has caused, and will continue to cause, Plaintiff and Class Members continuing injury and damages of an amount which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and Class Members' damage in a presently unascertainable amount.

74.    In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

75.    As a result of Defendants' aforesaid breach of their agreements and/or contracts, both express and implied, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and Class Members are entitled to recover reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Invasion of Privacy / Unreasonable Intrusion Upon the Seclusion of Another /**
**Public Disclosure of a Private Fact)**

76.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

77.     At all times relevant hereto, Defendants, and each of them, and/or their agents, employees, and servants required Plaintiff and Class Members to provide PII, PHI, medical information, images, photographs of their persons, and information regarding their medical treatment, including during their courses of treatment as Defendants' patients, and committed to maintain, protect, secure, possess, and control such PII and PHI.

78.     Plaintiff and the Class Members have a reasonable privacy interest in their PII and PHI, medical information, images, photographs, and information regarding their medical treatment.

79.     Defendants, and each of them, and/or their agents, employees and servants had a duty to use reasonable care to maintain the privacy, confidentiality, and privilege of such images and information, including a duty to safeguard such PII and PHI from dissemination and disclosure.

80.     Defendants, and each of them, and/or their agents, employees and servants breached their duties to Plaintiff and the Class Members by failing to take reasonable precautions and negligently and recklessly possessing, maintaining, and safeguarding Plaintiff's and Class Members' PII and PHI and allowing the same to be disclosed and disseminated to the public.

81.     Defendants, and each of them, and/or their agents, employees and servants foresaw or should have foreseen that their conduct would cause harm to Plaintiff and the Class Members.

82.     Defendants' actions which resulted in access to and public dissemination of Plaintiff's and Class Members' PII and PHI were offensive and objectionable to a reasonable person with ordinary sensibilities.

83.     As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and Class Members were injured in their health, strength, and activity, sustaining shock and injury to their bodies and persons, all of which have caused and will continue to cause Plaintiff and Class Members physical, mental, and nervous pain and suffering.

84.     As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and the Class Members have incurred expenses for medical care and treatment, expenses incidental

thereto, lost wages and a loss of earning capacity, all to Plaintiff's and the Class Members' damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and the Class Members' damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

85.     As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and the Class Members are entitled to recover reasonable attorneys' fees and costs.

<u>**SIXTH CAUSE OF ACTION**</u>
**(Breach of the Fiduciary Duty)**

86.     Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

87.     At all times relevant hereto, Plaintiff and Class Members were patients and/or customers of Defendants.

88.     Defendants had a fiduciary duty to Plaintiff and the Class Members in that Defendants held a superior position to Plaintiff and the Class Members as their medical providers.

89.     Plaintiff and the Class Members were in a vulnerable position, subject to exploitation, as innocent consumers seeking medical guidance and as a result of medical conditions for which Defendants recommended and offered treatment.

90.     Defendants, and each of them, and/or their agents, employees and servants used their superior position as medical providers to induce Plaintiff and the Class Members to provide PII, PHI, medical information, images, photographs of their persons, and information regarding their medical treatment.

91.     Plaintiff and the Class Members have a reasonable privacy interest in their PII and PHI, medical information, images, photographs, and information regarding their medical treatment.

92.     Defendants exploited Plaintiff's and the Class Members' vulnerabilities by promising to maintain, protect, secure, possess, and control such PII and PHI but failing to take

reasonable precautions and negligently and recklessly possessing, maintaining, and safeguarding Plaintiff's and Class Members' private information and allowing the same to be disclosed and disseminated to the public.

93.     Plaintiff and the Class Members trusted and placed their confidence in Defendants' assurances that their PII and PHI would remain protected, private, and confidential.

94.     Defendants' actions breached the trust Plaintiff and Class Members placed in them to maintain, protect, secure, possess, and control their PII and PHI.

95.     Defendants, and each of them, and/or their agents, employees and servants foresaw or should have foreseen that their conduct would cause harm to Plaintiff and the Class Members.

96.     Defendants' actions which resulted in access to and public dissemination of Plaintiff's and Class Members' PII and PHI were offensive and objectionable to a reasonable person with ordinary sensibilities.

97.     Defendants' actions breached the fiduciary duty they owed to Plaintiff and Class Members.

98.     As a result of Defendants' aforesaid breach of their fiduciary duties, Plaintiff and Class Members were injured in their health, strength, and activity, sustaining shock and injury to their bodies and persons, all of which have caused and will continue to cause Plaintiff and Class Members physical, mental, and nervous pain and suffering.

99.     As a result of Defendants' aforesaid breach of their fiduciary duties, Plaintiff and the Class Members have incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and a loss of earning capacity, all to Plaintiff's and the Class Members' damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and the Class Members' damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

100.     As a result of Defendants' aforesaid breach of their fiduciary duties, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and the Class Members are entitled to recover reasonable attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**(Breach of Confidential Relationship)**

101.    Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

102.    At all times relevant hereto, Plaintiff and Class Members were patients and/or customers of Defendants.

103.    Defendants held a superior position in physician-patient and business relationships to Plaintiff and the Class Members in that Defendants were Plaintiff's and the Class Members' medical providers.

104.    Through their superior position in such physician-patient and business relationships with Plaintiff and Class Members, Defendants gained the confidence of Plaintiff and Class Members.

105.    In their physician-patient and business relationships with Plaintiff and Class Members, Defendants purported to act on behalf of and/or advise Plaintiff and Class Members with Plaintiff's and the Class Members' interests in mind by requiring Plaintiff and the Class Members to provide Defendants with PII and PHI while promising to maintain, protect, secure, possess, and control such PII and PHI.

106.    Plaintiff and the Class Members have a reasonable privacy interest in their PII and PHI, medical information, images, photographs, and information regarding their medical treatment.

107.    Plaintiff and the Class Members trusted and placed their confidence in Defendants' assurances that their PII and PHI would remain protected, private, and confidential.

108.    Defendants owed a duty, in equity and good conscience, to act in good faith and with due regard to the interests of Plaintiff and Class Members.

109.    Defendants exploited Plaintiff's and the Class Members' vulnerabilities by failing to take reasonable precautions and negligently and recklessly possessing, maintaining, and safeguarding Plaintiff's and Class Members' private information and allowing the same to be disclosed and disseminated to the public.

17

110.    Defendants, and each of them, and/or their agents, employees and servants foresaw or should have foreseen that their conduct would cause harm to Plaintiff and the Class Members.

111.    Defendants' actions which resulted in access to and public dissemination of Plaintiff's and Class Members' PII and PHI were offensive and objectionable to a reasonable person with ordinary sensibilities.

112.    Defendants' actions breached the trust Plaintiff and Class Members placed in them to maintain, protect, secure, possess, and control their PII and PHI.

113.    Defendants' actions breached the duty they owed to Plaintiff and Class Members by virtue of their physician-patient and business relationships.

114.    As a result of Defendants' aforesaid breach of their duties, Plaintiff and Class Members were injured in their health, strength, and activity, sustaining shock and injury to their bodies and persons, all of which have caused and will continue to cause Plaintiff and Class Members physical, mental, and nervous pain and suffering.

115.    As a result of Defendants' aforesaid breach of their duties, Plaintiff and the Class Members have incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and a loss of earning capacity, all to Plaintiff's and the Class Members' damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and the Class Members' damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

116.    As a result of Defendants' aforesaid breach of their duties, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and the Class Members are entitled to recover reasonable attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

117.    Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

118.   At all times relevant hereto, Defendants, and each of them, and/or their agents, employees and servants required Plaintiff and Class Members to provide PII, PHI, medical information, images, photographs of their persons, and information regarding their medical treatment, including during their courses of treatment as Defendants' patients, and committed to maintain, protect, secure, possess, and control such PII and PHI.

119.   Plaintiff and the Class Members have a reasonable privacy interest in their PII and PHI, medical information, images, photographs, and information regarding their medical treatment.

120.   Defendants, and each of them, and/or their agents, employees and servants had a duty to use reasonable care to maintain the privacy, confidentiality, and privilege of such images and information, including a duty to safeguard such PII and PHI from dissemination and disclosure.

121.   Defendants, and each of them, and/or their agents, employees and servants breached their duties to Plaintiff and the Class Members by failing to take reasonable precautions and negligently and recklessly possessing, maintaining, and safeguarding Plaintiff's and Class Members' private information and allowing the same to be disclosed and disseminated to the public.

122.   Defendants, and each of them, and/or their agents, employees and servants foresaw or should have foreseen that their conduct would cause harm to Plaintiff and the Class Members.

123.   Defendants' actions which resulted in access to and public dissemination of Plaintiff's and Class Members' PII and PHI were offensive and objectionable to a reasonable person with ordinary sensibilities.

124.   As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and Class Members suffered severe emotional distress and were injured in their health, strength, and activity, sustaining shock and injury to their bodies and persons, all of which have caused and will continue to cause Plaintiff and Class Members physical, mental, and nervous pain and suffering.

125.   As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff and the Class Members suffered severe emotional distress have incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and a loss of earning capacity, all to

Plaintiff's and the Class Members' damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's and the Class Members' damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

126.   As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff and the Class Members are entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1.  An Order certifying this case as a class action;

2.  An Order appointing Plaintiff as the class representative;

3.  An Order appointing undersigned counsel as class counsel;

4.  A mandatory injunction directing Defendants to hereinafter adequately safeguard the PII and/or PHI of the Class by implementing improved security procedures and measures;

5.  For general damages and loss in an amount in excess of fifteen thousand dollars ($15,000.00);

6.  For special damages in an amount to be determined at time of trial;

7.  For economic damages in an amount to be determined at time of trial;

8.  For prejudgment interest, reasonable attorney's fees and costs; and

9.  For such other and further relief as the Court may deem just and proper.

DATED this 5th day of April, 2023.

                                **LADAH LAW FIRM**

                                */s/ Ramzy Paul Ladah, Esq.*

                                _____
                                RAMZY PAUL LADAH, ESQ.
                                Nevada Bar No. 11405
                                517 S. Third Street
                                Las Vegas, NV 89101
                                *Attorneys for Plaintiff*

20